Opinion issued
June 30, 2011.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00978-CR

———————————

Christopher
Sabonya,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On Appeal from the 228th District Court

Harris County, Texas



Trial
Court Case No. 1273850

 



 

MEMORANDUM
OPINION

 

          Christopher
Sabonya pleaded no contest to the second degree felony of aggravated assault
causing serious bodily injury[1] without a plea bargain or
an agreed recommendation on punishment.  The trial court ordered a pre-sentence
investigation and, after receiving it, held a sentencing hearing.  The trial court sentenced Sabonya to eight
years’ confinement.  In his sole issue on
appeal, Sabonya contends that the trial court erroneously considered three
extraneous offenses contained in the pre-sentence investigation.  We conclude that the error, if any, did not
harm Sabonya.  We therefore affirm.

Background

          Sabonya
worked with Matthew Staley at Montana’s Saloon. 
Sabonya was a bouncer; Staley was the DJ.  There was no history of problems between the
two.  One evening in July 2009, while
they were both at work and intoxicated, Sabonya and a third employee began to
argue.  Staley grabbed Sabonya’s shoulder
from behind to break up the quarrel.  Sabonya
turned and punched Staley in the head, knocking him unconscious.  Sabonya fled, but was arrested a few minutes
later still on the bar’s premises.

          Sabonya
testified he and the other employee were “horseplaying” and that when Staley
grabbed his shoulder he instinctively turned and swung his fist.  He explained that he ran because he panicked
and, when he found out that Staley was the person whom he had struck, he
attempted to return but was apprehended by police before he got back into the
bar.

          Staley
was unconscious and taken by helicopter to the hospital.  Sabonya’s blow fractured Staley’s skull and
caused bleeding in the brain.  Staley was
in a coma for eight days and hospitalized for over a month.  Staley had trouble walking, talking, and even
breathing.  Because of the extent of
swelling in his brain, doctors removed a portion of his skull until the
swelling receded.  Staley bears large
scars from his surgeries.  He lost 60%
hearing in one ear and 50% in the other. 
The left side of Staley’s face is paralyzed so that he has difficulty
talking and chewing.  He also suffers
from anger issues due to the brain injury and will require medication for the
rest of his life.  Staley has been unable
to work and it is unclear whether he will ever be able to return to work.

          Sabonya
was charged with aggravated assault.  He
pleaded no contest without an agreed sentencing recommendation from the
State.  The trial court ordered the
preparation of a pre-sentence investigation (PSI).  The trial court reviewed the PSI and heard
Sabonya’s testimony before sentencing Sabonya to eight years’ imprisonment.

Contents of the Pre-Sentence
Investigation

          In
his sole point of error, Sabonya contends that the trial court erred by
considering three of the extraneous offenses in the PSI because there was no
basis for a rational belief that Sabonya was criminally responsible for those
three extraneous offenses. 

          A
trial court may consider extraneous offenses in a PSI report as long as there
is some rational basis to infer that the defendant bears criminal
responsibility, even if the level of confidence does not reach the
beyond-a-reasonable-doubt standard.  Smith v. State, 227 S.W.3d 753, 764
(Tex. Crim. App. 2007).   The PSI contains reference to two assaults
that occurred in 2008 in Texas and one charge of criminal mischief from 1994 in
New Jersey.  Concerning the two Texas
assaults, the PSI notes that they were dismissed due to missing witnesses.  The PSI nevertheless states the facts of the
alleged assault without any indication of the source of the information.  Concerning the New Jersey criminal mischief
charge, the PSI notes that the disposition is “unavailable” and that Sabonya
stated the charges were dismissed.

          Assuming
without deciding that the trial court improperly considered these three
extraneous offenses,[2] we conclude that the error,
if any, is harmless.  A trial court’s
error in the admission of evidence[3] constitutes
non-constitutional error.  Jackson v. State, 314 S.W.3d 118, 130
(Tex. App.—Houston [1st Dist.] 2010, no pet.). 
Texas Rule of Appellate Procedure 44.2(b) states that an appellate court
must disregard a non-constitutional error that does not affect the defendant’s
substantial rights.  Tex. R. App. P. 44.2(b); Jackson, 314 S.W.3d at 130.  The Court of Criminal Appeals has held that
the erroneous admission of evidence does not affect substantial rights “if the
appellate court, after examining the record as a whole, has fair assurance that
the error did not influence the jury, or had but a slight effect.”  Motilla
v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).  In viewing the record as a whole, we may
consider the evidence admitted against appellant, defensive theories, and
argument.  Id.  We may also consider
whether the State emphasized the erroneously admitted evidence.  See id.
at 356.

          Sabonya’s
argument concerning harm, in its entirety, is as follows:

The trial judge made only one quick mention of the
unusable information in the PSI report but his words were telling: “. . . the
problem is I’ve already seen it . . .” 
Clearly the Court had internalized the redacted information and intended
to consider it in formulating [Sabonya’s] sentence.  [Sabonya’s] three previous dismissed assault
charges, despite the absence of evidence to support them, plainly suggested
[Sabonya] had an extensive history of violence and suggested the present case
of Aggravated Assault was a part of a pattern of aggressive conduct.  The trial court’s insistence on considering
[Sabonya’s] three dismissed charges of assault plainly augmented the trial
court’s ultimate sentencing decision and therefore affected his substantial
rights.  Reversal is required.

 

(Record references omitted).  However, this argument ignores the proper
review for determining whether Sabonya’s substantial rights were affected,
which includes a review of the entire record. 


          Sabonya
pleaded guilty to recklessly causing serious bodily injury.  It is undisputed that Staley’s injuries are
extremely severe and permanent.  The
State, in questioning Sabonya and in argument to the court, made no mention of
the three dismissed charges or any extraneous offenses.  When the trial court pronounced sentence, it
made no mention of any extraneous offenses at all.  Instead the focus of the trial court’s brief
explanation before pronouncing sentence was the seriousness of Staley’s
injuries.  

          The
PSI also contained references to other instances of assaultive conduct in
addition to the three charges that Sabonya asserts should not have been considered.  These include a 1994 assault “with theft,” a
2000 misdemeanor assault with a deadly weapon, a 2000 assault with a deadly
weapon, and a 2007 misdemeanor family violence assault with bodily injury.[4]  These other four instances of assaultive conduct
by themselves could have, to use Sabonya’s words, “suggested . . .
an extensive history of violence” and presented “a pattern of aggressive
conduct.” 

          The
punishment set by the trial court was far less than it could have been.  The punishment range for this second degree
felony was two to twenty years,[5] an eighteen year
range.  The trial court assessed
punishment at eight years, six years more than the minimum but twelve years
from the maximum.  Given the record in
this case, we cannot conclude that, even if the trial court considered the
three extraneous offenses, Sabonya has shown that they affected his
sentence.  See Davis v. State, 315 S.W.3d 908, 918­–19 (Tex. App.—Houston
[14th Dist.] 2010, pet. granted) (holding defendant could not show harm from
erroneous PSI content—i.e., that he received a longer sentence—when appellant
convicted of violent crime and showed no remorse and jury assessed punishment
at lower end of range), rev’d on other
grounds, No. PD-1400-10, 2011 WL 1135373 (Tex. Crim. App. 2011).

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Sharp and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex.
Penal Code Ann. §
22.02(b) (West 2010).





[2]
       The trial court judge read the PSI
before Sabonya had a chance to review and object to its contents.  Sabonya and the State agreed to redact the
three offenses mentioned above.  After
learning the trial court had already reviewed the PSI, Sabonya objected.  The trial court stated, “Okay. But the
problem is I’ve already seen it.” 
Contrary to Sabonya’s argument, there is no indication that the trial
court relied on these three extraneous offenses in determining Sabonya’s
punishment. 

 





[3]           We note that the PSI was not formally
introduced into evidence.  However, we
may still review it on appeal as though it had been.  See Smith, 227 S.W.3d at 757; Amador v. State, 221 S.W.3d 666, 674 (Tex. Crim. App. 2007).





[4]           The PSI also listed other extraneous
offenses such as driving while intoxicated, criminal mischief (breaking into a
truck), and injury to real property.

 





[5]           See
Tex.
Penal Code Ann. §
12.33(a) (West 2010).